[Cite as *State v. Brooks*, 2012-Ohio-5292.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98380**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DWAYNE BROOKS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-230828

**BEFORE:** Keough, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 15, 2012

**FOR APPELLANT**

Dwayne Brooks, pro se
Inmate No. 208-008
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, OH 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Mark J. Mahoney
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} In 1988, defendant-appellant Dwayne Brooks was convicted of aggravated murder with a mass murder specification (Count One), two counts of attempted murder (Counts Two and Three), and aggravated robbery (Count Four). The convictions stemmed from a 1987 shooting between rival drug gangs involved in a turf dispute. The evidence at trial demonstrated that Brooks was among a group of four people who, armed with a pistol and shotgun, stole a van by force, drove to a park, and shot three victims in broad daylight in front of dozens of witnesses.

{¶2} The trial court sentenced Brooks to "life, without the possibility of parole until serving twenty (20) years" on Count One; on Counts Two, Three, and Four, the court sentenced Brooks to five to twenty-five years incarceration, to be served concurrent with one another but consecutive to Count One.

{¶3} This court affirmed Brooks's convictions on appeal. *State v. Brooks*, 8th Dist. No. 57034, 1991 Ohio App. LEXIS 113 (Jan. 10, 1991). The Ohio Supreme Court denied further review. *State v. Brooks*, 63 Ohio St.3d 1406, 585 N.E.2d 428 (1992). Approximately two and one-half years after his convictions, Brooks filed a petition for postconviction relief and a motion for a new trial. The trial court denied relief and this court affirmed on appeal. *State v. Brooks*, 8th Dist. No. 65088, 1994 Ohio App. LEXIS 910 (Mar. 10, 1994). The Supreme Court of Ohio again declined further review. *State v. Brooks*, 70 Ohio St.3d 1425, 638 N.E.2d 87 (1994).

**{¶4}** Brooks then filed an application to reopen his direct appeal, which this court denied in *State v. Brooks*, 8th Dist. No. 57034, (July 27, 1994). The Ohio Supreme Court declined further review. *State v. Brooks*, 74 Ohio St.3d 1416, 655 N.E.2d 737 (1995). Brooks subsequently filed a second motion for a new trial; the trial court denied the motion and this court again affirmed on appeal. *State v. Brooks*, 8th Dist. No. 75522, 1999 Ohio App. LEXIS 3596 (Aug. 5, 1999). The Ohio Supreme Court declined further review. *State v. Brooks*, 87 Ohio St.3d 1441, 719 N.E.2d 5 (1999).

**{¶5}** This appeal concerns Brooks's latest filing — a "motion to correct clerical mistakes in judgment order" — which the trial court denied.

**{¶6}** Brooks argues on appeal that the trial court's ruling was in error because the jury recommended that he be sentenced to "life imprisonment with parole eligibility after serving 20 full years imprisonment,"[1] and the trial judge stated at sentencing that the jury's recommendation was to be followed. Therefore, he contends, the trial court's failure to include the language "20 *full* years" in its journal entry of sentencing was a clerical mistake that renders the judgment void ab initio and requires resentencing. Brooks's argument is without merit because (1) the issue is barred by res judicata, (2) his

---

[1]The version of R.C. 2929.03(C)(2) in effect in 1988, when Brooks was sentenced, stated, "If the indictment or count in the indictment contains one or more specifications of aggravated circumstances * * *, and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be death, life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment * * *."

motion was untimely, and (3) the trial court was without jurisdiction to rule on the motion.

{¶7} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus.

{¶8} It is well settled that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221. Because Brooks could have, but did not, raise any issue regarding the sentencing entry in his direct appeal, the issue is now barred by res judicata.

{¶9} Furthermore, despite his assertion otherwise, Brooks's motion must be construed as a petition for postconviction relief and, as such, is untimely. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, at syllabus. Here, Brooks argued that his sentence was void due to a mistake in the journal entry, which is essentially a violation of due process argument.

{¶10} R.C. 2953.21(A)(2) provides that petitions for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Brooks's petition was filed some 22 years after he was convicted and is obviously untimely.

{¶11} Furthermore, as noted above, Brooks previously filed a petition for postconviction relief in this case. Successive petitions for postconviction relief are governed by R.C. 2953.23. Under R.C. 2953.23(A), a trial court is forbidden from entertaining a second or successive petition for postconviction relief unless the petition meets two conditions. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. Second, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *See* R.C. 2953.23(A)(1).

{¶12} In his petition, Brooks did not advise the court how he was unavoidably prevented from discovering the facts upon which his petition was based, nor did he claim a new retroactive right that has been recognized by the United States Supreme Court. *See* R.C. 2953.23(A). Thus, the trial court did not have statutory authority to consider the petition and accordingly, properly denied the petition.

{¶13} Brooks's assignment of error is therefore overruled.

**{¶14}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR