[Cite as *State v. Brooks*, 2020-Ohio-3286.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108919 |
| v. | : | |
| DWAYNE BROOKS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 11, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-88-230828-ZA

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Patituce & Associates, L.L.C., and Kimberly Kendall Corral, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Appellant Dwayne Brooks appeals his sentence. He raises one assignment of error for our review:

The trial court erred in denying appellant's motion to void sentence where the appellant's sentence is void as a matter of law.

{¶ 2}   Finding no merit to his assignment of error, we affirm the trial court's judgment.

## I.   Factual Background and Procedural History

{¶ 3}   This is not the first time this case has been before us.  In *State v. Brooks*, 8th Dist. Cuyahoga No. 98380, 2012-Ohio-5292, we described the facts and procedural history as follows:

> In 1988, defendant-appellant Dwayne Brooks was convicted of aggravated murder with a mass murder specification (Count One), two counts of attempted murder (Counts Two and Three), and aggravated robbery (Count Four). The convictions stemmed from a 1987 shooting between rival drug gangs involved in a turf dispute. The evidence at trial demonstrated that Brooks was among a group of four people who, armed with a pistol and shotgun, stole a van by force, drove to a park, and shot three victims in broad daylight in front of dozens of witnesses.
>
> The trial court sentenced Brooks to "life, without the possibility of parole until serving twenty (20) years" on Count One; on Counts Two, Three, and Four, the court sentenced Brooks to five to twenty-five years incarceration, to be served concurrent with one another but consecutive to Count One.
>
> This court affirmed Brooks's convictions on appeal. *State v. Brooks*, 8th Dist. [Cuyahoga] No. 57034, 1991 Ohio App. LEXIS 113 (Jan. 10, 1991). The Ohio Supreme Court denied further review.  *State v. Brooks*, 63 Ohio St.3d 1406, 585 N.E.2d 428 (1992). Approximately two and one-half years after his convictions, Brooks filed a petition for postconviction relief and a motion for a new trial. The trial court denied relief and this court affirmed on appeal. *State v. Brooks*, 8th Dist. [Cuyahoga] No. 65088, 1994 Ohio App. LEXIS 910 (Mar. 10, 1994). The Supreme Court of Ohio again declined further review. *State v. Brooks*, 70 Ohio St.3d 1425, 638 N.E.2d 87 (1994).
>
> Brooks then filed an application to reopen his direct appeal, which this court denied in *State v. Brooks*, 8th Dist. [Cuyahoga] No. 57034, (July 27, 1994). The Ohio Supreme Court declined further review. *State v.*

> *Brooks*, 74 Ohio St.3d 1416, 655 N.E.2d 737 (1995). Brooks subsequently filed a second motion for a new trial; the trial court denied the motion and this court again affirmed on appeal. *State v. Brooks*, 8th Dist. [Cuyahoga] No. 75522, 1999 Ohio App. LEXIS 3596 (Aug. 5, 1999). The Ohio Supreme Court declined further review. *State v. Brooks*, 87 Ohio St.3d 1441, 719 N.E.2d 5 (1999).

*Brooks*, 8th Dist. Cuyahoga No. 98380, 2012-Ohio-5292, at ¶ 1-4.

{¶ 4} In 2012, Brooks appealed the trial court's denial of his "motion to correct clerical mistakes in judgment order." Brooks argued that the trial court's ruling was in error because his sentence of "life, without the possibility of parole until serving twenty (20) years" was contrary to the language of then R.C. 2929.03(C)(2) that stated "twenty *full* years." (Emphasis added) *Id.* at ¶ 6. "Therefore, he contends, the trial court's failure to include the language '20 full years' in its journal entry of sentencing was a clerical mistake that renders the judgment void ab initio and requires resentencing." *Id.* We affirmed the holding of the trial court, finding that Brooks's argument was barred by res judicata because he could have but did not raise the issue in his direct appeal; his motion must be construed as a petition for postconviction relief and was untimely; and the trial court lacked jurisdiction to rule on the motion because he did not satisfy the factors of R.C. 2953.23(A) to allow the trial court to consider a second petition for postconviction relief. *Id.*

{¶ 5} In July 2019, Brooks filed a "Motion to Vacate Void Sentence," in which he argued that the absence of the word "full" in his sentencing judgment entry

renders his sentence void and illegal, subject to correction at any time. The trial court denied his motion. It is from this judgment that Brooks now appeals.

## II. Law and Argument

{¶ 6} Brooks contends that this court has jurisdiction to vacate his sentence because the trial court's omission of the word "full" in the sentencing entry renders his sentence void, and a void sentence can be vacated at any time regardless of res judicata or timeliness for seeking postconviction relief. The state maintains that Brooks is asserting the same argument he raised seven years ago, if the trial court lacked jurisdiction to rule on Brooks's motion in 2012 it lacks jurisdiction now, and this court's previous opinion in *Brooks*, 8th Dist. Cuyahoga No. 98380, 2012-Ohio-5292, created law of the case when we rejected Brooks's argument.

{¶ 7} It is well settled that a void sentence can be attacked anytime. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 25. In support of his argument that his sentence is void, Brooks cites to *Crestwood Farm Bloodstock v. Evercest Stables, Inc.*, 751 F.3d 434, 445 (6th Cir. 2014) (breach-of-contract case applying Kentucky law), *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 795 (KY 2003) (condemnation case applying Kentucky law), and *Black's Law Dictionary* 101 (8th Ed.2004), for the proposition that "shall means shall" and is a "word of command." We do not disagree with the principle but note these authorities are not binding on our interpretation of Ohio law. Brooks also relies on *Williams* at ¶ 22, and *Fischer* at ¶ 21-22, in which the Ohio Supreme Court explained that the

legislative branch has the power to define criminal offenses and punishments, and that courts can sentence only as authorized by statute. Brooks further points to *Fischer, State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), and *State v. Willard*, 8th Dist. Cuyahoga No. 101055, 2014-Ohio-5278, ¶ 19, for the principle that sentences imposed contrary to statute are void.

{¶ 8} However, in *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, the Ohio Supreme Court recently realigned its void-sentence jurisprudence with the traditional understanding of what constitutes a void judgment.[1] *Harper* at ¶ 5. In *Harper*, the Ohio Supreme Court held that the trial court's failure to properly impose postrelease control rendered the sentence voidable, not void, and therefore not subject to collateral attack. *Harper* at ¶ 5-6. The court explained:

> A sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused. When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal.

*Id.* at ¶ 42. The court explicitly overruled its "precedent to the extent that it holds that the failure to properly impose postrelease control in the sentence renders that portion of a defendant's sentence void." *Id.* at ¶ 40.

{¶ 9} We find that the Ohio Supreme Court's reasoning in *Harper* likewise applies to Brooks's alleged sentencing error. The trial court had subject-matter

---

[1] Although the Ohio Supreme Court published *Harper* after the parties had submitted their appellate briefs, both parties addressed the issue of res judicata in their briefs.

jurisdiction over Brooks's case and had personal jurisdiction over him. R.C. 2931.03; *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases."). Even if the trial court's omission of the term "full" from Brooks's sentence was contrary to former R.C. 2929.03(C)(2), the sentencing error would render Brooks's sentence voidable, not void. Thus, Brooks's sentence could be challenged only on direct appeal.

{¶ 10} Res judicata therefore precludes Brooks's appeal.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus. It is well settled that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6. Because Brooks could have, but did not, raise any issue regarding the omission of the term "full" from his sentence in his direct appeal, the issue is now barred by res judicata.

{¶ 11} Moreover, we must construe Brooks's motion as a petition for postconviction relief, and, as such, it is untimely.

> Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.

*State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, syllabus. Here, over 28 years after his direct appeal, Brooks seeks the correction of his sentence on the grounds that it is void – a due-process argument. *See Brooks*, 8th Dist. Cuyahoga No. 98380, 2012-Ohio-5292, at ¶ 9.

{¶ 12} Pursuant to R.C. 2953.21(A)(2), a defendant must file any petition for postconviction relief within 365 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed. Brooks did not file his "Motion to Vacate Void Sentence" until July 2019, well after the filing of the trial transcripts in his 1991 direct appeal.

{¶ 13} Furthermore, this is not Brooks's first petition for postconviction relief in this case. R.C. 2953.23(A)(1)(a) allows a trial court to entertain an untimely or successive petition only if (1) the petitioner was "unavoidably prevented" from discovering the facts on which the petition is predicated and "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense[,]" or (2) "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."

{¶ 14} In his motion to vacate his sentence, Brooks does not claim that he was unavoidably prevented from discovering facts upon which he relied in his petition. Nor has the United States Supreme Court recognized a new federal or state

right that applies retroactively to Brooks. The trial court therefore had no authority to consider his motion and properly denied it.

{¶ 15} Accordingly, we overrule Brooks's assignment of error.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
MARY EILEEN KILBANE, J., CONCUR