[Cite as *State v. Jackson*, 2020-Ohio-3783.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-16 |
| v. | : | (C.P.C. No. 88CR-3371) |
| Edward Jackson, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 21, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Edward Jackson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Edward Jackson, appeals pro se from the December 12, 2019 decision and entry of the Franklin County Court of Common Pleas denying his motions to correct a void sentence and to correct a void judgment. Because the trial court properly denied the motions, we affirm.

{¶ 2} This case has a lengthy history which we reiterate only as germane to the instant appeal. In 1989, a jury found appellant guilty of, among other things, multiple counts of rape and kidnapping, as well as specifications attached to those counts. The trial court sentenced appellant accordingly. On appeal, this court affirmed appellant's convictions, but remanded the matter for the trial court to correct two sentencing errors.

*State v. Jackson*, 10th Dist. No. 89AP-1015 (Aug. 23, 1990). In an amended sentencing entry issued on October 9, 1990, the trial court resentenced appellant in accordance with our decision. The trial court re-imposed an aggregate indefinite prison term of 51 to 105 years. *See State v. Jackson*, 10th Dist. No. 97APA12-1660 (June 30, 1998).

**{¶ 3}** Appellant did not appeal from the amended sentencing entry. Instead, he filed a series of motions challenging the amended sentence on various grounds. Of particular relevance here, appellant claimed that he was not physically present when the trial court corrected his sentence in contravention of Crim.R. 43(A)(1) and, as a consequence, was not afforded the opportunity to make a statement or present information in mitigation of punishment in violation of Crim.R. 32(A)(1). He further claimed that the trial court fraudulently asserted in the amended sentencing entry that he was physically present and was provided the right to allocution. Without exception, the trial court denied the motions. Appellant either failed to appeal or filed untimely appeals from the trial court's decisions denying the motions.

**{¶ 4}** Appellant's most recent filings regarding the amended sentencing entry are the subject of the instant appeal. On November 4, 2019 and December 5, 2019, respectively, appellant filed a "Motion To Correct A Void Sentence" and a "Motion To Correct A Void Judgment." In those filings, appellant reasserted arguments regarding his lack of physical presence at the time his sentence was modified, the concomitant denial of his right to allocution, and the trial court's allegedly fraudulent amended sentencing entry. Appellant claimed that these sentencing errors rendered his modified sentence void and thus subject to correction at any time. The state filed memoranda opposing both motions. By entry filed December 12, 2019, the trial court denied both motions, finding that the issues raised therein were barred by res judicata.

**{¶ 5}** In a timely appeal, appellant advances two errors for our review:

> [I]. The trial court abused its discretion when it refused to correct the void sentence in this case when it knew that the sentence disregarded the statutory requirements when it was imposed via amended sentencing entry.

> [II]. The trial court disregarded rules of criminal procedure Rule 43(A) and 32 when it imposed sentence via amended sentencing entry.

{¶ 6}  Appellant's assignments of error are interrelated and will be considered together.  In them, appellant contends the trial court erred in denying his motions to correct the "void" October 9, 1990 amended sentencing entry.  Appellant maintains that the "void" sentence may be vacated at any time regardless of res judicata.

{¶ 7}  "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37.  As this court observed in *State v. Jackson*, 10th Dist. No. 15AP-581, 2015-Ohio-5282, res judicata bars claims that could have been raised in an appeal from a modified sentencing entry. *Id.* at ¶ 5, citing *State v. Smith*, 10th Dist. No. 13AP-129, 2013-Ohio-4674, ¶ 8 (res judicata bars claims that could have been raised in appeal from modified sentencing entry but were not because defendant did not appeal from that entry), and *State v. Huddleston*, 10th Dist. No. 12AP-512, 2013-Ohio-2561, ¶ 12 (res judicata barred claims that could have been raised in appeal from sentencing entry but were not because defendant did not appeal).  In the present case, res judicata bars appellant's claims because he did not raise them in a timely appeal from the October 9, 1990 resentencing entry.  Further, appellant has pursued multiple prior filings in which he complained about the issues he raises in the present motions. The trial court denied those motions and appellant did not timely appeal those decisions.  Because appellant could have but did not appeal those decisions, res judicata prevents him from raising these issues in this appeal. *Id.*

{¶ 8}  Appellant contends, however, that res judicata does not apply because the amended sentencing entry is contrary to law and thus void.  It is well-settled that a void sentence may be reviewed at any time, on direct appeal or by collateral attack. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 22; *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19 (a trial court is authorized to correct a void judgment).  However, in *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913,[1] the Supreme Court of Ohio recently "realigned" its void/voidable jurisprudence "with the traditional understanding of void and voidable sentences" and held that "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or

---

[1] Although *Harper* was decided after the parties submitted their briefs in this matter, both parties addressed the issue of res judicata in their briefs.

personal jurisdiction over the accused." *Id.* at ¶ 42-43. "[W]hen a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Id.* at ¶ 26, citing *State v. Pratts,* 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12, 21. "Generally, a voidable judgment may only be set aside if successfully challenged on direct appeal." *Id.*, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 28.

{¶ 9} Noting Harper's indictment on second and third-degree felony charges, the court found that it was within the subject-matter jurisdiction of the common pleas court to accept Harper's guilty plea and sentence him. *Id.* at ¶ 41. Thus, "[a]ny error in imposing the postrelease-control sanction in his sentence was an error in the exercise of the trial court's jurisdiction that could have been objected to at trial and that may have been reversible error on direct appeal. However, such an error did not render any part of Harper's sentence void. And because Harper could have raised his argument that the trial court failed to properly impose postrelease control on appeal, it is now barred by the doctrine of res judicata." *Id.* at ¶ 41. The court expressly overruled its "precedent to the extent that it holds that the failure to properly impose post-release control in the sentence renders that portion of a defendant's sentence void." *Id.* at ¶ 40.

{¶ 10} Although *Harper* addressed whether a trial court's failure to properly impose post-release control in the sentence rendered that portion of the sentence void, we find the court's reasoning and resulting revision of its void/voidable jurisprudence applicable to the sentencing errors appellant alleges here. As in *Harper*, the trial court in the present case had subject matter jurisdiction over appellant's felony case pursuant to R.C. 2931.03. *State v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8 (under R.C. 2931.03, a common pleas court has subject-matter jurisdiction over felony cases). Further, the court had personal jurisdiction over appellant pursuant to the indictment, which is valid on its face. Thus, even if the trial court issued the amended sentencing entry absent a hearing or absent appellant's presence at the hearing and erroneously stated that appellant was present at a hearing and was provided the right to allocution, such errors involved the exercise of the trial court's jurisdiction which would render appellant's amended sentence voidable, not void. Accordingly, appellant's corrected sentence could be challenged only on direct appeal from the October 9, 1990 resentencing entry or on appeal from the trial court's decisions denying

his earlier motions challenging the amended sentence.  *Jackson*, 2015-Ohio-5282, ¶ 5. Because appellant failed to do so, the issues are now barred by res judicata, and the trial court properly denied his motions on that basis.  We note that the Eighth District Court of Appeals has applied the *Harper* reasoning to an alleged sentencing error not involving post-release control.  *See State v. Brooks*, 8th Dist. No. 108919, 2020-Ohio-3286 (applying *Harper* to conclude that the trial court's alleged error in omitting the word "full" in the sentencing entry contrary to former R.C. 2929.03(C)(2) was barred by res judicata due to Brooks' failure to appeal).

{¶ 11}  For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

_____