[Cite as *State v. Cochran*, 2021-Ohio-692.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109771 |
| v. | : | |
| ROBERT COCHRAN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 11, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-05-467979-D

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Robert Cochran, *pro se.*

LISA B. FORBES, J.:

{¶ 1} Robert Cochran ("Cochran") appeals the trial court's denial of his motion to vacate a void sentence. After reviewing the facts of the case and the pertinent law, we affirm the trial court's judgment, because Cochran's collateral attack on his life prison sentence is barred by the doctrine of res judicata.

## I.  Facts and Procedural History

{¶ 2}  On August 23, 2006, Cochran pled guilty to murder in violation of R.C. 2903.02(B) and aggravated robbery in violation of R.C. 2911.01(A)(1).  That same day, the trial court sentenced Cochran as follows:

> The court imposes a prison sentence at the Lorain Correctional Institution of life.  (As to count 2, life in prison with parole opportunity after 15 years and as to count 5, defendant sentenced to 3 years to be served consecutive to sentence in count 2.  Aggregate sentence of life imprisonment with parole opportunity after 18 years) * * *.

{¶ 3}  On December 4, 2006, Cochran filed a pro se motion for leave to file a delayed direct appeal, which this court denied on January 24, 2007.

{¶ 4}  Thirteen years after he was sentenced, on October 8, 2019, Cochran filed a motion to vacate a void sentence, arguing that the trial court imposed a prison sentence for his aggravated murder that was contrary to law under R.C. 2929.02(B). The trial court denied Cochran's motion on October 18, 2019, and it is from this denial that Cochran appeals.

## II.  Law and Analysis

{¶ 5}  Former R.C. 2929.02(B) that was in effect when the trial court imposed Cochran's sentence in 2006, states in part that "[w]hoever is convicted of or pleads guilty to murder in violation of R.C. 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life * * *."  Cochran's sentence of "life in prison with parole opportunity after 15 years" is worded differently than the statutory indefinite term of 15-years-to-life.  The state concedes that, in the case

at hand, "the court's sentence does not comport precisely with the statutory language * * *."

{¶ 6} On appeal of the trial court's denial of his motion to vacate his sentence, Cochran argues that, pursuant to this court's decision in *State v. Kemp*, 8th Dist. Cuyahoga No. 97913, 2013-Ohio-167, his sentence is void and must be vacated. In *Kemp*, this court found that the defendant's prison sentence for murder was contrary to law where the trial court imposed a sentence of "[l]ife in prison with eligibility of parole after 15 years" on the murder count instead of imposing "an indefinite term of fifteen to life" as stated in R.C. 2929.02(B)(1). *Id.* at ¶ 75. In a direct appeal, this court reversed and vacated Kemp's sentence and remanded the matter to the trial court for resentencing. *Id.* at ¶ 76. *See also State v. Smith*, 8th Dist. Cuyahoga No. 106893, 2019-Ohio-155, ¶ 25 (applying *Kemp* to conclude that "the sentence imposed by the trial court is void; Smith should have been sentenced to 'life imprisonment with parole eligibility after serving twenty years of imprisonment'").

{¶ 7} Recently, the Ohio Supreme Court realigned its jurisprudence on when sentencing decisions must be challenged on direct appeal (as in *Kemp*), and when they may be questioned in a collateral attack (as in the case at hand). *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. The answer depends on whether the allegedly erroneous sentence is void or voidable. *Id.* at ¶ 42. "A sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *Id.* However, "[w]hen

a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing [a sentence] renders the court's judgment voidable * * *." *Id.* at ¶ 4.

{¶ 8} Void sentences "may be reviewed at any time, on direct appeal or by collateral attack." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22. Voidable sentences, on the other hand, "may be set aside if successfully challenged on direct appeal"; otherwise, they are "barred by the doctrine of res judicata." *Harper* at ¶ 41-42.

{¶ 9} In *Harper*, the sentencing error at issue concerned the imposition of postrelease control. The *Harper* Court found that the trial court had jurisdiction to sentence the defendant, therefore, any sentencing error rendered the judgment voidable, rather than void. *Id.* at ¶ 41. Harper could have raised his argument that the trial court failed to properly impose postrelease control on direct appeal. Because he had not, he was barred from doing so by the doctrine of res judicata. *Id.*

{¶ 10} The Ohio Supreme Court issued the following admonition in *Harper*: "we caution prosecuting attorneys, defense counsel, and pro se defendants throughout this state that they are now on notice that any claim that the trial court has failed to properly imposed postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 43.

{¶ 11} Since deciding *Harper*, the Ohio Supreme Court has expanded the application of the void-voidable analysis to sentencing in general. *State v.*

*Henderson*, Slip Opinion No. 2020-Ohio-4784. "Today, we make it clear that sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term." *Id.* at ¶ 27. *See also State v. Dowdy*, Slip Opinion No. 2020-Ohio-4789.

{¶ 12} Following the dictates of the Ohio Supreme Court, this court recently considered whether "the trial court's omission of the word 'full' in the sentencing entry" rendered a sentence void or voidable. *State v. Brooks*, 8th Dist. Cuyahoga No. 108919, 2020-Ohio-3286, ¶ 6. In 1988, the trial court sentenced Brooks to "life, without the possibility of parole until serving twenty (20) years," which is different than "twenty full years," as stated in former R.C. 2929.03(C)(2). *Id.* at ¶ 4. Applying *Harper*, this court concluded that the sentence was voidable, and res judicata barred the postconviction challenge some thirty years after Brooks was sentenced. *Brooks* at ¶ 10.

{¶ 13} We find that *Harper* and its progeny dictate the outcome of Cochran's appeal. It is undisputed that the trial court had subject-matter and personal jurisdiction to sentence Cochran. Thus, any error resulting from Cochran's sentence being worded differently than mandated by the sentencing statute renders his sentence voidable, subject to challenge only on direct appeal. Cochran's direct appeal following his plea and sentencing was dismissed as untimely. Cochran's 2019 motion to vacate his sentence is a collateral attack on his prison sentence that is barred by the doctrine of res judicata.

**{¶ 14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY EILEEN KILBANE, J., CONCUR