[Cite as *State v. Hobbs*, 2021-Ohio-4278.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                   :

      Plaintiff-Appellee,                 :               No. 20AP-482
                                         (C.P.C. No. 12CR-5927)

v.                                              :
                                          (REGULAR CALENDAR)

Brandon L. Hobbs,                               :

      Defendant-Appellant.                :

D E C I S I O N

Rendered on December 7, 2021

**On brief:** [*Janet A. Grubb*, First Assistant Prosecuting Attorney]*,* and *Sheryl L. Prichard* for appellee.

**On brief:** *Brandon Hobbs,* pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Brandon L. Hobbs, appeals from the May 7, 2020 decision and entry of the Franklin County Court of Common Pleas denying his motions to correct a void sentence and to correct a void judgment. Because the trial court properly denied the motions, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On January 27, 2014, a jury found appellant guilty of count one, murder, a violation of R.C. 2903.02, count two, carrying a concealed weapon, a violation of R.C. 2923.12, and count three, having a weapon under disability, a violation of R.C. 2923.13, with specifications as to each count. The trial court sentenced appellant accordingly. Appellant moved for a post-trial verdict of acquittal and the state filed a

memorandum contra. There is no judgment entry that rules upon this motion and nothing in the record to indicate there was a hearing.

{¶ 3} Appellant was sentenced in February of 2014:

> LIFE as to count 1, plus an additional THREE (3) consecutive years of actual incarceration for the firearm specification on count 1; with the possibility of parole after 18 years; TWELVE (12) months as to count 2; and TWENTY-FOUR (24) months as to count 3. Count 1 to be served concurrently with count 2 and 3 but consecutive to firearm specification on count 1 at OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

(Feb. 27, 2014 Jgmt. Entry at 2.)

The trial court notified appellant of Ohio Department of Rehabilitation and Corrections shock incarceration programs and post-release control orally and in writing.

{¶ 4} Appellant timely filed a notice of appeal raising two assignments of error for review; (1) that counsel's errors and omissions deprived appellant of effective assistance of counsel, and (2) the trial court erred when it did not merge for the purpose of sentencing the offenses of murder, carrying a concealed weapon, and having a weapon under a disability. This court affirmed the trial court in *State v. Hobbs,* 10th Dist. No. 14AP-225, 2015-Ohio-2419. The Supreme Court of Ohio declined jurisdiction to hear the appeal.

{¶ 5} On May 1, 2020, appellant moved the trial court to vacate his sentence alleging that the sentence was void and contrary to law pursuant to R.C. 2929.02(B)(1). Appellant argues that the language in his sentencing entry makes the sentence a definite sentence instead of the required indefinite sentence. The state replied to appellant's motion on May 5, 2020. The trial court denied appellant's motion on May 7, 2020. It is from this judgment that appellant now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant assigns the following error for our review:

**Sole Assignment of Error**:

**The trial court committed prejudicial error and abused its discretion when it denied the appellant's motion to correct void sentence.**

## III.  LEGAL ANALYSIS

{¶ 7}   The court issued a decision on April 29, 2021 finding that appellant's motion to vacate should properly be construed as a petition for postconviction relief under R.C. 2953.21 and because the clerk did not properly serve the trial court's May 7, 2020 entry, this appeal is timely and as of right, rendering appellant's motion for leave to file a delayed appeal moot.[1]

{¶ 8}   Appellant's sole assignment of error is that the trial court committed prejudicial error and abused its discretion when it denied the appellant's motion to vacate void sentence.  However, there has been a substantial change in the law regarding void and voidable sentences since the appeal was filed.  In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42-43, the Supreme Court of Ohio recently "realigned" its void/voidable jurisprudence "with the traditional understanding of void and voidable sentences" and held that "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case."  "[W]hen a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void" Id. at ¶ 26, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12. "Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal."  *Id.* citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 28.

{¶ 9}   "[A]ny issue that could have been raised on direct appeal and was not * * * res judicata and not subject to review in subsequent proceedings."  *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37.  The doctrine of res judicata "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id.* at ¶ 18.  *State v. Huddleston*, 10th Dist. No. 12AP-512, 2013-Ohio-2561, ¶ 12 (res judicata barred claims that could have been raised in appeal from sentencing entry but were not because defendant did not appeal.). *State* v. *Jackson*, 10th Dist. No. 20AP-16, 2020-Ohio-3783, ¶ 7.

{¶ 10} Appellant avers that the trial court sentenced him to a stated sentence rather than an indeterminate sentence as the sentencing entry orders "with the possibility of

---

[1] On October 20, 2020, appellant filed a motion for delayed appeal.

parole after 18 years." (Jgmt. Entry at 1.) "When a one, three or six-year mandatory prison term is imposed pursuant to division (B)(1)(a)(i) of section 2929.14 of the Revised Code, for using a firearm in the commission of an offense, such term shall be served consecutively with, and prior to, the stated prison term or life sentence imposed for the offense." Ohio Adm.Code 5120-2-03.1(I). "Except as otherwise provided in division (B)(2) or (3) of this section, whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." R.C. 2929.02(B)(1). It must be noted that the sentencing entry is not incongruous when appellant is not eligible for parole until he has served 18 years; appellant is to serve three consecutive years of actual incarceration for the firearm specification on count one and 15 years of the life sentence imposed in count one before being eligible for parole.

{¶ 11} Appellant filed a direct appeal and did not raise any sentencing issues. Appellant subsequently filed a motion to vacate a void sentence, which this court construed as a motion for postconviction relief, to challenge what he perceives to be a definite sentence. In the present case, res judicata bars claims that appellant failed to timely raise in his direct appeal of the sentencing entry of February 27, 2014.

## IV. CONCLUSION

{¶ 12} Appellant was required to raise the issue he is now challenging in his direct appeal. Appellant's sole assignment of error is overruled.

*Judgment affirmed.*

DORRIAN, P.J., and BEATTY BLUNT, J., concur.