[Cite as *State v. Bridgewater*, 2023-Ohio-1211.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 22AP-417 |
| | | (C.P.C. No. 06CR-8408) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Dominique Bridgewater, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 13, 2023

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Dominique Bridgewater*, pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Dominique Bridgewater, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion seeking a final appealable order. For the reasons that follow, we affirm in part and reverse in part.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 8, 2006, appellant was indicted on one count of aggravated murder, in violation of R.C. 2903.01, with an accompanying firearm specification. The indictment arose out of the shooting death of Jason Bucknor on October 13, 2006. Following a jury trial, the trial court convicted appellant of the lesser-included offense of murder, in violation of R.C. 2903.02, with a firearm specification. The trial court sentenced appellant to 15 years to life in prison, plus a consecutive 3-year prison term for the

specification. Appellant appealed to this court from the June 8, 2007 judgment of conviction and sentence.

{¶ 3} In appellant's assignments of error, appellant alleged the verdict was against the manifest weight of the evidence. He also challenged the trial court's jury instructions. Appellant did not raise any issues regarding the prison term or the sentencing entry. In *State v. Bridgewater*, 10th Dist. No. 07AP-535, 2008-Ohio-466, this court overruled appellant's assignments of error and affirmed the June 8, 2007 judgment.

{¶ 4} On May 4, 2022, appellant filed a pro se "Motion for Trial Court to Provide a Final Appealable Order of Conviction and Sentence." Therein, appellant argues the June 8, 2007 judgment entry was not a final appealable order under Crim.R. 32 because it did not explicitly state that the prison term of 15 years to life was an "indefinite" sentence. Appellant now claims he is entitled to a de novo sentencing hearing from which he may initiate a new direct appeal to this court. Appellant also argues the trial court erred by imposing a term of post-release control following a conviction of the unclassified felony of murder.

{¶ 5} Plaintiff-appellee, State of Ohio, opposed the motion arguing that the law of the case doctrine barred appellant's claim that the June 8, 2007 judgment entry was not a final appealable order because the judgment had been affirmed by this court on appeal. The state further maintained that res judicata barred appellant from raising trial court error in a subsequent proceeding that could have been raised in his direct appeal. The trial court agreed with the state, and, on June 13, 2022, issued a judgment entry denying appellant's motion. Appellant appealed to this court from the June 13, 2022 judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant assigns the following two assignments of error for our review:

> [1.] THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS UNDER THE UNITED STATES CONSTITUTION AND ACTED IN A CARPRICIOUS AND ARBITRARY MANNER BY DENYING APPELLANT'S MOTION FOR TRIAL COURT TO PROVIDE A FINAL, APPEALABLE ORDER PURSUANT TO CRIM.R.32(C), WITH DE NOVO SENTENCING HEARING REQUESTED FOR PURPOSE OF THE TRIAL COURT TO IMPOSE AN "NDEFEINITE" TERM AS REQUIRED UNDER R.C. §

2929.02(B)(1) OF THE OHIO REVISED CODE TO COMPLY
WITH CRIM.R.32(C)(2) "THE SENTENCE."

[2.] THE TRIAL COURT ABUSED ITS DISCRETION BY
DENYING APPELLANT HIS FOURTEENTH AMENDMENT
RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF
LAW UNDER THE UNITED STATES CONSTITUTION AND
ACTED IN A CARPRICIOUS AND ARBITRARY MANNER BY
NOT ADDRESSING OR RENDERING A RULING ON THE
IMPOSITION OF (PRC) **POST RELEASE CONTROL** THAT
IS PROHIBITED UNDER MURDER CONVICTION.

(Sic passim.) (Emphasis sic.)

## III. STANDARD OF REVIEW

{¶ 7}  The application of res judicata and law of the case are questions of law. *See Lycan v. Cleveland*, ___ Ohio St.3d ___, 2022-Ohio-4676, ¶ 21; *DeAscentis v. Margello*, 10th Dist. No. 08AP-522, 2008-Ohio-6821, ¶ 12. Accordingly, we conduct a de novo review as to such questions without affording deference to the trial court's decision. *Lycan* at ¶ 21, citing *Rossow v. Ravenna*, 11th Dist. No. 2001-P-0036 (Mar. 29, 2022), and *State v. Hill*, 177 Ohio App.3d 171, 2008-Ohio-3509, ¶ 37 (11th Dist.); *DeAscentis* at ¶ 12, citing *Nationwide Ins. Co. v. Davey Tree Expert Co.*, 166 Ohio App.3d 268, 2006-Ohio-2018, ¶ 26 (11th Dist.).

## IV. LEGAL ANALYSIS

### A. First Assignment of Error

{¶ 8}  In appellant's first assignment of error appellant contends the trial court erred when it determined that res judicata and the law of the case doctrine barred his motion for a final appealable order. We disagree.

{¶ 9}  A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth:  (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 13. Crim.R. 32(C) provides in relevant part that "[a] judgment of conviction shall set forth the fact of conviction and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."

{¶ 10} Appellant contends the June 8, 2007, judgment of conviction and sentence was not a final appealable order because it did not explicitly impose an "indefinite" sentence, as required by statute. The trial court determined that res judicata and the law of the case doctrine barred appellant from raising this alleged error due to his failure to raise it in his original appeal from his conviction and sentence. We agree.

{¶ 11} In criminal cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal if those claims were raised or could have been raised at trial that resulted in that judgment of conviction or on appeal from that judgment. *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. The doctrine of res judicata "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18; *State v. Huddleston*, 10th Dist. No. 12AP-512, 2013-Ohio-2561, ¶ 12; *State v. Jackson*, 10th Dist. No. 20AP-16, 2020-Ohio-3783, ¶ 7. Similarly, the doctrine of law of the case provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case, both at the trial and reviewing levels. *DeAscentis* at ¶ 12, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984).

{¶ 12} In *State v. Hobbs*, 10th Dist. No. 20AP-482, 2021-Ohio-4278, a jury found Hobbs guilty of murder with a firearm specification, carrying a concealed weapon, and having a weapon under disability. The trial court convicted Hobbs and sentenced him accordingly. Hobbs appealed to this court alleging ineffective assistance of trial counsel. We affirmed the trial court's judgment in the direct appeal. Hobbs subsequently moved the trial court to vacate his sentence alleging that the sentence was void and contrary to law because the language in his sentencing entry specifies a definite sentence instead of the required indefinite sentence. The trial court denied the motion and Hobbs appealed to this court.

{¶ 13} On appeal, we determined the alleged sentencing error rendered the judgment voidable, not void. *Id*. at ¶ 8, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 26 (" '[W]hen a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void.' "). Accordingly, we held that "res judicata bars claims that [Hobbs] failed to timely raise in his direct appeal of the sentencing entry." *Hobbs* at ¶ 11.

{¶ 14} Here, appellant was convicted of murder in 2007. He timely appealed to this court from his conviction and we affirmed the trial court in *Bridgewater*. Appellant could have raised the alleged sentencing error of which he now complains in his direct appeal, but he did not. Accordingly, we hold the trial court did not err when it ruled that res judicata barred appellant from challenging the sentencing order.

{¶ 15} In an effort to avoid res judicata, appellant claims the June 8, 2007 judgment entry of conviction and sentence was not a final appealable order because it did not meet the requirements of Crim.R. 32(C). Appellant maintains that if the June 8, 2007 judgment was not a final appealable order, this court lacked jurisdiction to hear the appeal and our prior judgment in *Bridgewater* is a nullity. This court has previously considered this sort of claim under similar circumstances and concluded that it is barred by the law of the case doctrine.

{¶ 16} In *State v. Monroe*, 10th Dist. No. 13AP-598, 2015-Ohio-844, Monroe was convicted of eight counts of aggravated murder, one count of aggravated burglary, two counts of aggravated robbery, and two counts of kidnapping. The trial court imposed the death penalty, and the Supreme Court of Ohio affirmed the trial court in Monroe's direct appeal.

{¶ 17} Monroe subsequently filed a motion for a final appealable order alleging the trial court's judgment did not comply with Crim.R. 32(C). In considering Monroe's claim, we noted that " '[t]he purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run.' " *Id*. at ¶ 26, quoting *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 10, citing *State v. Tripodo*, 50 Ohio St.2d 124, 127 (1977). We concluded that because Monroe had timely filed his direct appeal of the judgment, and because the Supreme Court considered and ruled on the merits of the appeal, "[Monroe] cannot credibly argue that he was not on notice regarding when a final judgment was entered." *Id*. at ¶ 26. Accordingly, we held that the law of the case doctrine barred Monroe's claim to the contrary in any subsequent proceeding. *Id*. at ¶ 28.

{¶ 18} Similarly, in *State v. I'Juju*, 10th Dist. No. 15AP-692, 2016-Ohio-3078, the trial court convicted I'Juju of two counts of aggravated murder with death penalty specifications and one count of kidnapping with a firearm specification. This court affirmed

I'Juju's conviction and sentence on appeal. Ten years later, I'Juju filed a motion to correct the judgment entry alleging that his 1985 sentencing entry contained numerous deficiencies. The trial court denied the motion on concluding that the judgment entry complied with Crim.R. 32(C).

{¶ 19} On appeal, we concluded the trial court did not err when it denied the motion because the law of the case doctrine barred I'Juju's Crim.R. 32(C) arguments. *Id*. at ¶ 8. Relying on *Monroe*, we held that I'Juju could not credibly argue that he was not on notice of the date when the trial court entered judgment. *I'Juju* at ¶ 9.

{¶ 20} Similarly, in *State v. Bates*, 10th Dist. No. 17AP-869, 2019-Ohio-1172, the trial court sentenced Bates to 15 years to life on the murder count with an additional 3 and 5 consecutive years on the firearm specifications. The judgment entry filed with the clerk of courts, however, did not bear the judge's signature. Bates appealed from his conviction and sentence arguing that the trial court erred by failing to merge the two specifications. This court affirmed the judgment of conviction and sentence.

{¶ 21} Following several motions and appeals, Bates moved the trial court for a new sentencing hearing arguing that the original sentencing entry was not a final appealable order due to the absence of a judge's signature. The trial court denied the motion and Bates appealed. On appeal, we recognized that even though the original sentencing entry did not comply with Crim.R. 32(C), the law of the case doctrine precluded Bates from making that claim in a subsequent proceeding. *Id*. at ¶ 15, citing *I'Juju* and *Monroe*. In so holding, we found "no reason to revisit our prior implicit conclusion on direct appeal that the sentencing entry in this case was a final, appealable order notwithstanding its facial noncompliance with Crim.R. 32(C). The law of the case doctrine, therefore, mandates a finding that the original sentencing entry was a final, appealable order." *Id*. at ¶ 16.

{¶ 22} In *Bates*, we went on to recognize "an exception to the law of the case doctrine applies allowing an appellate court to ' " 're-examine the law of the case *it has itself previously created*, if that is the only means to avoid injustice.' " ' " (Emphasis sic.) *Bates* at ¶ 15, quoting *Monroe* at ¶ 30, quoting *Koss v. Kroger Co.*, 10th Dist. No. 07AP-450, 2008-Ohio-2696, ¶ 19, quoting *Pavlides v. Niles Gun Show, Inc.*, 112 Ohio App.3d 609, 615 (5th Dist.1996). Applying the exception, we concluded that because the original judgment entry of conviction and sentence did not comply with Crim.R. 32(C), on its face, Bates was

entitled to a sentencing entry that complied with Crim.R. 32(C). Accordingly, we reversed the trial court judgment and remanded the matter for the trial court to issue a new sentencing entry signed by the trial judge, but we did not order a new sentencing hearing.

{¶ 23} Here, appellant filed a direct appeal of his conviction and sentence, and we affirmed the trial court. Thus, the law of the case bars appellant from claiming the original judgment entry of conviction and sentence was not a final appealable order in this subsequent appeal. Moreover, the Crim.R. 32(C) argument appellant makes in this case was rejected by this court in *State v. Albert*, 10th Dist. No. 19AP-780, 2020-Ohio-3154.

{¶ 24} In *Albert*, Albert appealed from the trial court's judgment denying his motion to vacate an allegedly void sentence imposed in 2015. Albert argued that the sentence was not authorized by law because he received a sentence of "15-life" for a murder conviction even though the statute required an indefinite term of 15 years to life. *Id.* at ¶ 3. In affirming the trial court, this court concluded that "[a] prison sentence of fifteen years to life is inherently indefinite, and the law does not require that the sentencing entry add a redundant adjective to that effect." *Id.* at ¶ 5.

{¶ 25} Here, the trial court's judgment entry of conviction and sentence complied with Crim.R. 32(C), the omission of the word "indefinite" notwithstanding. Accordingly, we overrule appellant's first assignment of error.

**B. Second Assignment of error**

{¶ 26} In his second assignment of error, appellant contends the trial court was precluded from imposing a term of post-release control because the offense of murder is an unclassified felony, to which post-release control does not apply. We acknowledge appellant's legal argument is meritorious in that post-release control may not be imposed as a sanction for murder. *See State v. Richardson*, 10th Dist. No. 18AP-310, 2019-Ohio-3490, ¶ 15. However, the Supreme Court in *Harper* held that "[a]*ny error* in imposing the postrelease-control sanction * * * was an error in the exercise of the trial court's jurisdiction that could have been objected to at trial and that may have been reversible error on direct appeal." (Emphasis added.) *Harper* at ¶ 41.

{¶ 27} Here, as was the case in *Harper*, appellant could have raised the erroneous imposition of post-release control in his direct appeal. Because he did not, res judicata bars appellant from raising the issue in this appeal.

{¶ 28} In order to avoid the application of res judicata and the Supreme Court's decision in *Harper*, appellant persists in claiming that res judicata does not bar this appeal because the original judgment of conviction and sentence was not a final appealable order. However, as we have stated in connection with appellant's first assignment of error, the law of the case bars appellant's claim. *See Bates*, *I'Juju*, and *Monroe*. Appellant's contention that he is entitled to a new sentencing hearing from which a new appeal may be perfected is without merit.

{¶ 29} Nevertheless, as we have recognized in *Bates*, an exception to the law of the case doctrine allows this court to reexamine the law of a case we previously created, if that is the only means to avoid injustice. We believe that an exception applies in this case that would permit appellant to receive a corrected sentencing entry but not a new sentencing hearing.

{¶ 30} In *State ex rel. Roberts v. Marsh*, 156 Ohio St.3d 440, 2019-Ohio-1569, Roberts was convicted of murder but the sentencing entry included reference to a term of post-release control. This court affirmed the conviction on appeal. In 2015, Roberts filed a motion in the trial court seeking to " 'Correct [a] Judgment Entry Pursuant to Criminal Rule 36.' " *Id.* at ¶ 3, quoting *State v. Roberts*, 1st Dist. No. C-150528, 2017-Ohio-1060, ¶ 1. The trial court granted the motion and issued a nunc pro tunc sentencing entry, pursuant to Crim.R. 36, removing post-release control.[1]

{¶ 31} Roberts subsequently filed a mandamus action in the Supreme Court requesting a writ of mandamus compelling the trial court to vacate its original sentencing entry and conduct a resentencing hearing. In denying the writ, the Supreme Court distinguished the line of cases in which trial courts have sought to add post-release control to a sentence through a nunc pro tunc entry. The court noted that in those instances, "a nunc pro tunc entry cannot be used to add information that was omitted from the sentencing entry." *Roberts*, 2019-Ohio-1569, at ¶ 9. However, under circumstances where the court mistakenly imposes post-release control on an unclassified felony, "no resentencing hearing [is] required." *Id.* at ¶ 11, citing *State v. Ortiz*, 7th Dist. No. 15 MA 0023, 2016-Ohio-4813, ¶ 13. (Trial court has the authority to issue a nunc pro tunc entry,

---

[1] Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

pursuant to Crim.R. 36, deleting post-release control when it is mistakenly added to the sentencing entry.) *Ortiz* at ¶ 13. Accordingly, the Supreme Court concluded there was no error because "the trial court simply deleted a postrelease-control provision that should not have been included in the initial sentencing entry." *Roberts*, 2019-Ohio-1569, at ¶ 11.

**{¶ 32}** This court subsequently followed *Roberts*, 2019-Ohio-1569, in *Richardson* wherein we held that, under *Roberts*, the trial court did not err when it issued a nunc pro tunc judgment entry removing all references to post-release control imposed on a murder conviction. *Richardson* at ¶ 18.

**{¶ 33}** Even though *Roberts*, 2019-Ohio-1569, and *Richardson*, are pre-*Harper* cases, the distinction recognized in those cases remains valid in post-*Harper* jurisprudence. *See State v. Callaghan*, 9th Dist. No. 29431, 2021-Ohio-1047, ¶ 16; *State v. Mitchell*, 11th Dist. No. 2019-P-0105, 2020-Ohio-3417, ¶ 48. Therefore, in order to avoid injustice in this case, we shall reverse the judgment of the trial court, in part, and remand the case for the trial court to issue a nunc pro tunc sentencing entry, pursuant to Crim.R. 36, removing the erroneously imposed term of post-release control. *See Bates* at ¶ 15, *Roberts*, 2019-Ohio-1569, at ¶ 11, and *Richardson* at ¶ 18. As earlier stated, however, appellant is not entitled to a new sentencing hearing. *See Bates*, *I'Juju*, and *Monroe*.

**{¶ 34}** For the foregoing reason, we sustain appellant's second assignment of error, in part, and we shall remand the matter for the trial court to issue a nunc pro tunc judgment entry, pursuant to Crim.R. 36, deleting post-release control.

## V. CONCLUSION

**{¶ 35}** Having overruled appellant's first assignment of error and having sustained appellant's second assignment of error in part, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas. This case is remanded to that court to issue a nunc pro tunc sentencing entry removing post-release control.

*Judgment affirmed in part;*
*reversed in part; and cause remanded.*

DORRIAN and BOGGS, JJ., concur.

————————