[Cite as *State v. Adams*, 2016-Ohio-891.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 MA 0077 |
| VS. | ) | |
| | ) | OPINION |
| RAUDEED ADAMS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 2013 CR 886

JUDGMENT:      Motion sustained. Judgment affirmed.

APPEARANCES:
For Plaintiff-Appellee      Attorney Paul Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant      Attorney Andrew Zellers
3810 Starrs Centre Drive
Canfield, Ohio 44406

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: March 4, 2016

DeGENARO, J.

{¶1} Defendant-Appellant Raudeed Adams appeals the judgment of the Mahoning County Court of Common Pleas convicting him of one count of felonious assault and sentencing him accordingly. Appointed appellate counsel for Adams filed a no-merit brief and a request to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967) and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th.Dist.1970). Adams filed a brief thereafter asserting four assignments of error. For the following reasons, this court sustains counsel's motion to withdraw and affirms the judgment of the trial court as there are no meritorious arguments on appeal.

### Facts and Procedural History

{¶2} Adams was indicted on one count of felonious assault, R.C. 2903.11(A)(1)(D), a second-degree felony. Adams was appointed four different attorneys during the pendency of this matter in the trial court; the first three of which filed motions to withdraw. Adams ultimately waived his right to counsel in open court and on the record. His fourth appointed attorney continued as stand-by counsel and was present for and provided guidance during Adams' plea.

{¶3} Adams entered into a Crim.R. 11 plea agreement in which he agreed to plead guilty to one count of felonious assault, as charged. The State agreed to adopt a favorable recommendation if advanced in the pre-sentence investigation (PSI) or to otherwise remain silent. The trial court accepted Adams' plea as freely and voluntarily made with full knowledge of the consequences. The trial court imposed a three year term of imprisonment to be served at a state correctional facility. Adams was given credit for 247 days of time served.

{¶4} An attorney appointed to represent an indigent criminal defendant may seek permission to withdraw if the attorney can show that there is no merit to the appeal. *See generally Anders*, supra. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney* at 207. Counsel's motion must then be

transmitted to the defendant in order to assert any error pro se. *Id.* at syllabus. The reviewing court must then decide, after a full examination of the record, whether the case is wholly frivolous. *Id.* If deemed frivolous, counsel's motion to withdraw is granted and the trial court's judgment affirmed. *Id.*

{¶5} Counsel filed a no-merit brief and Adams filed a brief asserting four assignments of error which we will address. *State v. Moore*, 7th Dist. No. 08 MA 20, 2009–Ohio–1505, ¶ 13. In the typical *Anders/Toney* case involving a guilty plea, the only issues that can be reviewed on appeal relate to the plea and the sentence. *State v. Verity*, 7th Dist. No. 12 MA 139, 2013–Ohio–1158, ¶ 11.

**Plea**

{¶6} A guilty plea must be made knowingly, voluntarily and intelligently. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 7. If it is not, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004–Ohio–6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Johnson*, 7th Dist. No. 07 MA 8, 2008–Ohio–1065, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

{¶7} The trial court must engage in a Crim.R. 11(C) colloquy with the defendant in order to ensure that a felony defendant's plea is knowing, voluntary and intelligent. *State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 25–26. During the colloquy, the trial court is to provide specific information to the defendant, including constitutional and nonconstitutional rights being waived. Crim.R. 11(C)(2); *State v. Francis*, 104 Ohio St.3d 490, 2004–Ohio–6894, 820 N.E.2d 355.

{¶8} The constitutional rights the defendant must be notified of are the right against self-incrimination, to a jury trial, to confront one's accusers, to compel witnesses to testify by compulsory process, and to have the state prove guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. A trial court must strictly comply with these

requirements. *Id.* at ¶ 31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981). Strict compliance does not require a rote recitation of the exact language of the rule. Rather, a reviewing court should focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." *Id.* at paragraph two of the syllabus.

{¶9} The nonconstitutional rights the defendant must be informed of are the effect of his plea, the nature of the charges, and the maximum penalty, which includes an advisement on post-release control if applicable. Further, a defendant must be notified, if applicable, that he is not eligible for probation or the imposition of community control sanctions. Finally, this encompasses notifying the defendant that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney*, 120 Ohio St.3d 176 at ¶ 10–13; *Sarkozy*, 117 Ohio St.3d 86, at ¶ 19–26. The trial court must substantially comply with these requirements. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In addition to demonstrating the trial court did not substantially comply with Crim.R. 11(C)(2)(a)(b), the defendant must also show a prejudicial effect, meaning the plea would not have otherwise been made. *Veney*, 120 Ohio St.3d 176 at ¶ 15 citing *Nero*, 56 Ohio St.3d at 108.

{¶10} The trial court's advisement of Adams' constitutional rights strictly complied with Crim.R. 11(C)(2)(c), and he indicated he understood he was giving up these rights.

{¶11} The trial court substantially complied with Crim.R. 11(C) when advising Adams of his nonconstitutional rights, except perhaps one as pointed out—but then rejected by counsel in his *Anders/Toney* brief: that the trial court failed to notify Adams of the effect of his guilty plea. Although the trial court did not state that the plea of guilty is a complete admission of the guilt, the Ohio Supreme Court held: "A defendant who has entered a guilty plea without asserting actual innocence is

presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, syllabus.

**{¶12}** As the trial court's colloquy complied with Crim.R. 11(C), the plea was knowingly, voluntarily, and intelligently entered. Accordingly, there are no appealable issues regarding Adams' plea.

### Sentencing

**{¶13}** This Court is currently split as to the standard of review to apply in felony sentencing cases. See *State v. Hill*, 7th Dist. No. 13 MA 1, 2014–Ohio–919, which applied the two-part test set forth in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, and *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015–Ohio–1359, which applied R.C. 2953.08(G) and limiting appellate review of felony sentences to determining whether they are clearly and convincingly contrary to law. The issue is currently before the Ohio Supreme Court. *State v. Marcum*, 141 Ohio St.3d 1453, 2015–Ohio–239, 23 N.E.3d 1453. Regardless of which standard of review is applied here, the outcome is the same.

**{¶14}** Adams was afforded his allocution rights pursuant to Crim.R. 32(A)(1). The trial court properly notified Adams that upon his release from prison he would be subject to a discretionary three-year period of post-release control and explained the ramifications of violating post-release control. R.C. 2967.28(C).

**{¶15}** The record demonstrates that the trial court considered the purposes of felony sentencing and the sentencing factors of R.C. 2929.11 and R.C. 2929.12. The court also reviewed the written presentence investigation, which is part of the present record before us. The permissible sentencing range for a second-degree felony is a prison term of two to eight years in prison. R.C. 2929.14(A)(2)[1]. "In imposing a prison sentence, the sentencing court has discretion to state its own reasons in choosing a sentence within a statutory range unless a mandatory prison term must be imposed."

---

[1] This version of the statute governs Adams' appeal, effective September 28, 2012 to March 22, 2015.

*State v. Long*, 138 Ohio St.3d 478, 2014–Ohio–849, 8 N.E.3d 890, ¶ 16. Adams received a lower range sentence of three years. The trial court specifically cited that the sentence was based on Adams prior juvenile record, the seriousness of the charge, and the extent of the injury that Adams inflicted upon the 74 year old victim.

**{¶16}** The trial court's sentence was within the appropriate statutory range and consistent with the law and purposes of Ohio's felony sentencing, however, the court did not expressly state that a minimum sentence would demean the seriousness of this offense and would not adequately protect the public. Although the trial court did not specifically reference R.C. 2929.11 and 2929.12 during the sentencing hearing, it did so in the sentencing entry. The Second District recently considered this scenario:

> "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King,* 2013–Ohio–2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). "However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." (Citation omitted.) *Id.* Although there is a mandatory duty to *consider* the relevant statutory factors under R.C. 2929.11 and R .C. 2929.12, these statutes do not require the court to explicitly state any findings about these factors. *State v. Thomas,* 2d Dist. Montgomery No. 26123, 2014–Ohio–5262, ¶ 22; *State v. Graham,* 2d Dist. Montgomery Nos. 26205, 26206, 2015–Ohio–896, ¶ 18–19.

*State v. Walden*, 2d Dist. No. 2014-CA-84, 2016–Ohio–47, ¶ 8.

**{¶17}** Here the trial judge stated he considered the "principles and purposes of sentencing" which aligns with R.C. 2929.11. Further, statements made by the trial judge regarding the victim and the injuries he sustained, the landlord-tenant relationship between Adams and the victim and the nature of the offense,

demonstrate the trial court contemplated the factors in R.C. 2929.12. As such, there is no error in regarding Adams' sentence.

**{¶18}** The remaining potential assignment of error suggested by appellate counsel, but deemed not to be error, involves the prosecuting attorney failing to remain silent during sentencing as was part of the Rule 11 agreement. The prosecutor initially did not make any recommendation regarding a sentence and expressly stated: "I certainly would stand silent and give no opinion whatsoever about the sentence this court may impose." However, the prosecutor did respond to statements made by Adams about the victim not actually being injured and to support the calculation of jail time credit. Specifically, the prosecutor refuted Adams' contention that he did not receive the victim's medical records and noted that the records verified the victim's testimony regarding his injuries. The prosecutor also rebutted Adams' claim that he had never been in trouble by reminding the trial court that the PSI disclosed multiple juvenile adjudications. As such, appellate counsel's ultimate conclusion is correct and this potential assignment of error is meritless.

### Pro Se Representation

**{¶19}** In his first of four assignments of error, Adams asserts:

> THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE DEFENDANT-APPELLANT TO REPRESENT HIS SELF WITHOUT PROPERLY ADVISING HIM OF THE CONSEQUENCES OF HIS WAIVER OF COUNSEL IN OPEN COURT. (sic) VIOLATING HIS RIGHTS PURSUANT TO OHIO CONSTITUTION ARTICLE I, SECTION 10; UNITED STATES CONSTITUTION SIXTH AMENDMENT.

**{¶20}** A defendant's right to self-representation has long been recognized. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). When a defendant requests to proceed pro se, the trial court must consider whether the

request is timely and unequivocal, and that the defendant knowingly, intelligently, and voluntarily waives his right to counsel. *State v. Cassano*, 96 Ohio St.3d 94, 100, 2002–Ohio–3751, 772 N.E.2d 81, ¶ 32. Crim.R. 44(C) provides that a waiver of counsel shall be made open court, recorded and, as in this case, when a serious offense is involved, the waiver shall be in writing.

**{¶21}** Adams argues that the trial court failed to conduct an adequate colloquy contending that the trial court was required to ask questions about his educational background. However, a review of the transcript demonstrates that Adams waiver of counsel was timely as well as knowingly, voluntarily and intelligently made. Adams confirmed that he wanted to waive counsel, that he read the waiver form, and that he understood what he was doing. Adams reviewed the waiver of counsel form with the advisory lawyer he was appointed, and he signed the form in open court. Accordingly, this assignment of error is meritless.

### Biased Statements

**{¶22}** In his second of four assignments of error, Adams asserts:

THE TRIAL COURT COMMITTED REVERSABLE ERROR DURING SENTENCING BY MAKING BIASED STATEMENTS, PUNISHING THE APPELLANT FOR INVOKING HIS CONSTITUTIONAL RIGHTS TO COUNSEL. OHIO CONSTITUTION ARTICLE I, SECTION 10; UNITED STATES CONSTITUTION AMENDMENT[S] 14.

**{¶23}** Adams takes issue with the trial court acknowledging that he had "gone through" three lawyers and "ended up with a stand-by lawyer who was excellent." Adams believes that he received his three year sentence based on the fact that he had multiple attorneys. The record does not support this contention. These statements by the trial court establish that Adams had the benefit of legal counsel throughout the proceedings. The trial court clearly based its sentence on Adams' prior record, the seriousness of the offense, the injury to the victim while being guided

by the principles and purposes of felony sentencing. Accordingly, this assignment of error is meritless.

### Self-Defense & Access to PSI

**{¶24}** In his third of four assignments of error, Adams asserts:

> THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO PRISON BASED OFF OF FACTS THAT WERE NOT TRUE OR CORRECT. IN VIOLATION OF OHIO CONSTITUTION ARTICLE I, SECTION 10; UNITED STATES CONSTITUTION AMENDMENT[S] 5 AND 14.

**{¶25}** Adams contests factual determinations and appears to proffer a theory of self-defense. Because Crim.R. 11(B)(1) provides that a guilty plea is a complete admission of the defendant's guilt, Adams is barred from asserting these arguments on appeal. Adams also alleges that he was not given an opportunity to review the PSI, but the trial transcript directly contradicts this contention. The court stated: "No. No. CCA was not recommended, and the PSI did not recommend it. You read that." Accordingly, this assignment of error is meritless.

### Ineffective Assistance of Standby Counsel

**{¶26}** In his fourth and final assignment of error, Adams asserts:

> APPOINTED STAND-BY TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVISE APPELLANT THAT HE COULD BRING WITNESSES TO TESTIFY IN MITIGATION OF SENTENCING AND FOR FAILING TO APPEAR AT THE [HEARING] IN VIOLATION OF OHIO CONSTITUTION ARTICLE I, SECTION 10; UNITED STATES CONSTITUTION AMENDMENT[S] 5 AND 14.

**{¶27}** First, at no point during the sentencing hearing did Adams bring to the court's attention that he wished to have standby counsel present. Errors not brought to the trial court's attention by objection or otherwise are waived for purposes of

appeal. *State v. Campbell*, 69 Ohio St.3d 38, 40-41, 1994-Ohio-492, 630 N.E.2d 339. Secondly, a guilty plea waives the right to allege ineffective assistance of counsel, except to the extent the errors caused the plea to be less than knowing and voluntary. *State v. Huddleson,* 2d Dist. No. 20653, 2005–Ohio–4029, ¶ 9 citing *State v. Spates*, 64 Ohio St.3d 269, 1992-Ohio-130, 595 N.E.2d 351. As explained above, Adams' plea was knowingly, voluntarily and intelligently made.

**{¶28}** Lastly, in Ohio a defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel, but has no right to hybrid representation. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, syllabus. As such, when a defendant waives his right to counsel he waives his right to claim ineffective assistance of counsel. *State v. Turner*, 8th Dist. No. 88958, 2007-Ohio-5732, ¶ 40. As Adams validly waived his right to counsel he is precluded from asserting this claim. Further, he alleges that standby counsel should have advised him that he could present witnesses to testify at sentencing. However, Adams did bring his wife as a witness to testify but due to her being "emotional" he did not have her testify. Accordingly, this assignment of error is meritless.

**{¶29}** In sum, based upon our independent review of the record, we sustain counsel's motion to withdraw as there are no meritorious arguments on appeal, and Adams' four pro se assignments of error are meritless. Accordingly the judgment of the trial court is affirmed.

Donofrio, P. J., concurs.

Waite, J., concurs.